Judge Lane
delivered the opinion of the court:
Where an act complained of is innocent of itself, and injurious only from the circumstances under which it is done, those circumstances should be stated in pleading. If one leave an open pit in an uninclosed lot in a town, into which his neighbor’s beast falls and perishes, an action lies; but if such an accident happen in a pit left open in a place remote from the haunts of cattle, no suit is sustainable, for the risk of *doing mischief is so small that the exposure is not negligent. To show a cause of action in such a case, therefore, it is necessary to set forth in the declaration the situation of the pit; that it was left unsecured in a place where cattle were accustomed to resort. This principle should govern the present case. No wanton or malicious mischief, no intention to injure is pretended. The situation of the place where the nox *219 ions substance was left, its proximity to the haunts of cattle, and the risk of injury must be stated more fully than in this declaration, to make a case of liability for negligence.
Judgment affirmed.